# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | 1:18-CR-00091-RP-10 |
| | § | |
| ERIC PORTER (10) | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE ROBERT PITMAN**
   **UNITED STATES DISTRICT JUDGE**

Before the Court is the United States Probation Office's Petition for Warrant or Summons for Offender Under Supervision recommending that the Court revoke Defendant's term of supervised release, filed October 2, 2023 ("Petition") (Dkt. 1528). This Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas.

## Procedural Background

Defendant pled guilty to Conspiracy to Possess with Intent to Distribute 500 Grams or More of Cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B). Dkt. 968. On April 17, 2019, Defendant was sentenced to 60 months imprisonment, to be followed by four years of supervised release. Dkt. 1263.

Defendant's term of supervised release began on November 4, 2022. In the Petition, the Probation Officer alleges that Defendant violated the following conditions of his supervised release: Mandatory Condition No. 1 ("The defendant shall not commit another federal, state, or local crime during the term of supervision.") and Mandatory Condition No. 2 ("The defendant

1

shall not unlawfully possess a controlled substance."). The Probation Office alleges that on September 21, 2023, Defendant was arrested in Travis County, Texas after eluding police. Dkt. 1528 at 2. A search of Defendant's vehicle revealed cocaine, methamphetamine, and marijuana, and Defendant was charged with two counts of Manufacture/Delivery of a Controlled Substance and Evading Arrest and Detention with a Vehicle in Travis County, Texas. *Id.* All charges remain pending. *Id.*

The District Court referred this case to this Magistrate Judge to conduct a supervised release revocation hearing, and Defendant orally waived a preliminary hearing. On April 23, 2024, pursuant to 28 U.S.C. § 636(a) and 18 U.S.C. § 3401(i), this Magistrate Judge conducted a final revocation hearing at which Defendant, his attorney, and an attorney for the United States Government appeared. Defendant consented to proceed before a United States Magistrate Judge. Defendant pled "True" to the violations of Mandatory Condition No. 1 and Mandatory Condition No. 2 alleged in the Petition.

## **Findings of the Court**

1. Defendant violated Mandatory Condition No. 1 and Mandatory Condition No. 2 of his supervised release by his conduct as alleged in the Petition.
2. Defendant received a copy of the Petition naming him; read the Petition or had it read to him; understood the Petition and the charges alleged against him; and had the opportunity to discuss the Petition and charges with his attorney.
3. Defendant voluntarily gave consent to allocute before a United States Magistrate Judge.
4. Defendant had both a factual and rational understanding of the proceedings against him.
5. Defendant did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.
6. Defendant was sane and mentally competent at the time of these proceedings.
7. Defendant was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.
8. Defendant understood all of his statutory and constitutional rights and desired to waive those rights.

9. Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing, and waived that right.

10. Defendant waived a reading of the charges against Defendant by the Government.

11. Defendant freely, intelligently, and voluntarily pled "True" to the violations of Mandatory Condition No. 1 and Mandatory Condition No. 2 of his supervised release alleged in the Petition.

12. The Court finds that Defendant violated Mandatory Condition No. 1 and Mandatory Condition No. 2 of his term of supervised release, as alleged in the Petition, and that there is a factual basis in support of those findings.

## Factors Considered

The Court has considered the factors set out in 18 U.S.C. § 3583(e), which makes reference to most of the factors set out in 18 U.S.C. § 3553(a), that is:[1]

a. the nature and circumstances of the offense, § 3553(a)(1);
b. the history and characteristics of Defendant, (a)(1);
c. the need to afford adequate deterrence to criminal conduct, (a)(2)(B);
d. the need to protect the public, (a)(2)(C);
e. the need to provide Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, (a)(2)(D);
f. the kinds of sentence and the sentencing range recommended by the United States Sentencing Guidelines, policy statements and corresponding analysis, (a)(4) and (a)(5);
g. the need to avoid unwarranted sentence disparities among defendants with similar records who have been found responsible for similar conduct, (a)(6); and
h. the need to provide restitution to any victims of the offense, (a)(7).

## Recommendations

The Court has carefully considered all the arguments of counsel and has taken judicial notice of the pre-sentence report, as well as the Petition, Adjustment Summary, and Violation Conduct Computation prepared by the Probation Office. The Court also has taken into account the policy statements in Chapter Seven of the Sentencing Guidelines. Defendant's violation is a Grade B and his criminal history category is V, resulting in an (advisory) guideline range of 18 to 24 months of imprisonment. In considering the required factors, the Court finds most compelling

---

[1] The Court did not consider the factors in § 3553(a)(2)(A): the seriousness of the offense, respect for the law, and just punishment.

3

the nature and circumstances of the offense and the need to afford adequate deterrence to supervised release noncompliance.

For these reasons, this Magistrate Judge **RECOMMENDS** that Defendant's term of supervised release be **REVOKED** and that he be sentenced to **eighteen (18) months incarceration, with no term of supervised release to follow**.

## Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on April 23, 2024.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE